GLANCY PRONGAY & MURRAY LLP
Kevin F. Ruf (SBN 136901)
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9150
Email: kruf@glancylaw.com

LAW OFFICE OF STEVEN ELSTER
Steven Elster (SBN 227545)
785/E2 Oak Grove Road, #201
Concord, CA 94518
Telephone: (925) 324-2159
Email: steve.elster.law@gmail.com
*Attorneys for Plaintiff Lindsey Cannon*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO**

| | |
|---|---|
| LINDSEY CANNON, an individual, on behalf of herself, the public in California, and all others similarly situated,<br><br>PLAINTIFF,<br><br>vs.<br><br>ROBERT THEDE, an individual; ALL ROADS TRAVEL LLC, a limited liability company; and DOES 1 to 10, inclusive.<br><br>DEFENDANTS. | Case No. 3:25-cv-05075-AMO<br><br>**CLASS ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200,** *et seq.*<br>2. **VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17550,** *et seq.*<br>3. **BREACH OF CONTRACTS** |

**INTRODUCTION**

1. Plaintiff LINDSEY CANNON ("Plaintiff"), by and through her counsel, brings this First Amended Complaint against Defendants ROBERT THEDE and ALL ROADS TRAVEL LLC to seek justice for thousands of students and travelers who were left stranded and defrauded. This case arises from a corporate shell game; a quintessential "heads I win, tails you lose" scenario. Defendant Thede and Andrew Citores co-founded JusTours. After selling the company for millions, Defendant Thede and Citores continued to operate it with reckless disregard for financial norms—soliciting funds from students while the company that bought JusTours was heading towards insolvency, periodically failing to pay employees, and relying on Citores's personal credit card and assumedly likewise relying on Thede's personal credit card to pay for JusTours customers' travel services. When the scheme collapsed, Thede quickly abandoned this sinking ship (and all of its massive liabilities for which it was woefully undercapitalized) and he launched a "phoenix" entity, All Roads Travel. Then, literally within days, he and All Roads Travel "licensed" the JusTours name and effectively continued as JusTours.

**JURISDICTION AND VENUE**

2. **Subject Matter Jurisdiction.** This Court has original jurisdiction over this civil action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which: (a) there are 100 or more class members; and (b) at least one member of the class of plaintiffs is a citizen of a State different from any defendant. Specifically, Plaintiff is a citizen of California, and Defendant Robert Thede is a citizen of Nevada.

3. **Personal Jurisdiction.** This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the resources and protections of the State of California. Defendants conducted substantial business in California, marketed and sold travel services to California residents, and entered into contracts with residents of this District.

4. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, including the solicitation of customers and the formation the contracts for travel services.

## PARTIES

5. Plaintiff is an individual residing in Yolo County, California, and is a citizen of the State of California.

6. Defendant Robert Thede ("Thede") is an individual believed to be residing in, and a citizen of, the State of Nevada.

   a. **Thede as Seller of Travel Under California Law.** Thede and Citores were co-founders and owners of JusTours, Inc. (dba "JusCollege"). Thede is also a founder, partner, officer, and the CRO of Defendant All Roads Travel LLC. After Thede and Citores sold JusTours, they continued on as executives of the company that bought JusTours, including during the period giving rise to this lawsuit. Citores used his personal credit card to pay for Plaintiff's travel services, and on information and belief, this was practice of both co-founders of JusTours such that Thede likewise used his own personal credit card to pay for JusTours's customers' travel services. On information and belief, Thede was also in control of JusTours during the period giving rise to this lawsuit and in his individual capacity sold but left unfulfilled travel services bought by Plaintiff and Class Members. Thede, like his co-founder Citores, is thus a "seller of travel" pursuant to California Business & Professions Code § 17550.1.

   b. **The Alter Ego Scheme.** A unity of interest and ownership exists between Thede and JusTours such that any separateness between them ceased to exist. Plaintiff is informed and believes that Thede, along with co-founder Citores, sold JusTours to Network Travel Experiences/Pollen LLC for approximately $25 million in 2018. However, on information and belief, the transaction included an "earn-out" provision whereby Thede continued to manage and control the company's operations as they had before the sale.

   c. **Reckless Disregard for Corporate Formalities.** On information and belief, during this earn-out period, Thede operated the company with a disregard for corporate formalities and financial norms. On information and belief, Thede was so unfocused on corporate distinctness that he allowed and/or directed his co-founder Citores (and assumedly himself) to pay for travel services sold to customers using their *own personal credit cards*.

FIRST AMENDED COMPLAINT
2

d. **Insolvency and Labor Violations.** Plaintiff is informed and believes that Thede continued to solicit sales from college students while knowing that JusTours was insolvent and unable to meet its financial obligations. In fact, on information and belief, Thede admitted in a podcast that employees were unpaid for more than two months—a clear violation of labor laws as well as an obvious signal of financial distress.

e. **Parent Company Recklessness.** This pattern of illegality extended to JusTours's parent entities, Network Travel Experiences and Pollen LLC. On information and belief, while failing to consistently pay employees, these entities spent lavishly on corporate parties and entertainment, prioritizing frivolous spending over basic legal obligations. Adherence to the fiction of the separate existence of the corporation would, under these circumstances, sanction a fraud and promote injustice.

f. **Inequitable Result**

An inequitable result will follow if Defendants are not held liable for the obligations of JusTours. JusTours is defunct, insolvent, and unable to satisfy judgments, while Defendant Thede and Defendant All Roads Travel retained the benefit of JusTours's goodwill, customer relationships, booking data, revenue streams, and on information and belief, credits from airlines, hotels and others for travel services bought by JusTours for its customers but not provided to the customers. Absent alter-ego liability, Plaintiff and the Classes will be left without any meaningful remedy despite Defendants' continuation of the same business operations and exploitation of the same assets. Recognizing corporate separateness under these circumstances would sanction a fraud, promote injustice, and permit Defendants to evade liability through corporate manipulation.

7. **Defendant All Roads Travel LLC.** Defendant All Roads Travel LLC ("All Roads Travel") is a limited liability company that conducts business in California and is a "seller of travel" pursuant to California Business & Professions Code § 17550.1.

a. **Successor Liability / Mere Continuation.** Plaintiff alleges that All Roads Travel is the mere continuation and/or successor-in-interest to JusTours. This succession is evidenced by: (i) a continuity of management by Defendant Thede and Citores; (ii) the use of the same executives and employees; (iii) the acquisition of JusTours's core assets, for inadequate or

no consideration, specifically its customer lists and booking data, as well as, on information and belief, credits provided to JusTours by airlines, hotels, and others for travel services that were unutilized when JusTours failed to provide to travel services to its customers; (iv) All Roads Travel holding itself out to the public as the continuation of JusTours's business; and (v) All Roads Travel expressly and impliedly assumed JusTours's liabilities by providing the trips to JusTours customers that JusTours had sold but failed to provide and continuing JusTours's contractual relationships while disclaiming responsibility for refund obligations.

8. Plaintiff is unaware of the true names of DOES 1 through 10. Plaintiff sues said defendants by said fictitious names and will amend this Complaint when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named defendants is in some manner responsible for the events and allegations set forth in this Complaint.

9. Plaintiff makes the allegations in this Complaint without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and Plaintiff reserves all of Plaintiff's right to plead in the alternative.

## FACTUAL ALLEGATIONS

10. **The Business Model.** Defendants operated a travel service business targeting college students, selling air transportation, hotel accommodations and other travel services for "Spring Break" and other excursions. Under California law, Defendants are "Sellers of Travel" (Cal. Bus. & Prof. Code § 17550.1).

11. **Formation of the Contract.** In approximately May 2019, Plaintiff contracted with JusTours/JusCollege for a travel package to Cabo San Lucas, Mexico, scheduled for March/April 2020.

- o **The Confirmation:** Plaintiff contacted Defendants via their digital platform/email, purchased the specific travel services, dates and location, and received written confirmation—via email and/or digital booking receipts—guaranteeing that the travel would be provided. On information and belief, this was the process by which all contracts were formed between Defendants and Class Members.

- **Performance:** Plaintiff paid the total cost of approximately $900.00 through a series of payments thus meeting the only meaningful condition under the contract. On information and belief, Class Members similarly paid for travel and met contractual conditions.

12. **The Breach and Failure of Consideration.** Defendants failed to provide the contracted air transportation and accommodations. When the travel was cancelled, Defendants did not refund the money as required by law and contract.

- **Total Failure:** For a substantial portion of the Class, including Plaintiff, Defendants provided *zero* travel services and *zero* refunds, effectively retaining Class Members' funds while providing no consideration in return.
- **The "Credit" Scheme:** Instead of the refunds required by California law, Defendants offered worthless "credits," on information and belief, to ultimately be serviced by the new entity, All Roads Travel.

The contracts between Defendants and the Classes of its customers required Defendants to provide specific travel services on designated dates. In the event of cancellation or nonperformance, Defendants were obligated to refund all amounts paid. These obligations were memorialized in Defendants' booking confirmations and payment receipts. Under these agreements, Defendants were required to either (a) provide the contracted air transportation and other travel services as promised or (b) promptly refund all monies paid for services not provided.

13. **The Fraudulent Transfer.** Following the financial collapse of the parent entity in the United Kingdom, on information and belief Defendant Thede engaged in a scheme to shed JusTours's refund liabilities while retaining its profitable assets. On information and belief, Thede formed or utilized All Roads Travel to acquire the customer database and booking records of JusTours and the credits provided to JusTours by airlines, hotels, and others for travel services that were unutilized when JusTours failed to provide to travel services to its customers. On information and belief, All Roads Travel paid little to no consideration for these assets under the guise of a $5,000 "license fee," to evade creditors, avoid refunding the students, and to obtain credits for travel services provided to JusTours by airlines, hotels and others.

///

///

## CLASS ACTION ALLEGATIONS

14. **Class Definitions.** Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of:

- **The California Class:** All individuals who, while in California, purchased travel services that Defendants sold or arranged, but to whom said services were not provided and to whom the money was not refunded.

- **The Nationwide Class:** All individuals who, while in the United States, purchased travel services that Defendants sold or arranged, but to whom said services were not provided and to whom the money was not refunded.

15. **Rule 23 Requirements.**

   a. **Numerosity:** The Class consists of thousands of students, making joinder impracticable.

   b. **Commonality & Predominance:** Common questions predominate, including: whether Defendants are the alter ego of the corporate entities; whether All Roads Travel is a successor-in-interest; whether Defendants breached contracts with customers and failed to provide refunds; and whether Defendants violated California's Seller of Travel statutes.

   c. **Typicality:** Plaintiff's claims are identical to those of the Class—she paid for a trip she never received and was denied a refund.

   d. **Adequacy:** Plaintiff has no conflicts of interest and has retained experienced class counsel.

   e. **Superiority:** A class action is the only efficient method for adjudicating these claims given the relatively small size of individual damages compared to the cost of litigation.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of California Unfair Competition Law (UCL)**
**(Cal. Bus. & Prof. Code §§ 17200, *et seq.*)**
**(Against All Defendants on Behalf of the California Class)**

16. Defendants committed acts of unfair competition by engaging in unlawful, unfair, and fraudulent business practices. Cal. Bus. & Prof. Code § 17200.

17. **Unlawful:** Defendants violated the California Sellers of Travel Law (Cal. Bus. & Prof. Code §§ 17550 *et seq.*) by failing to make required disclosures and failing to issue refunds for unprovided travel services when required under California law.

18.     **Unfair:** Defendants' conduct—soliciting funds while insolvent, spending lavishly on parties while stiffing employees, and transferring assets to a new entity to avoid debt—is immoral, unethical, and substantially injurious to consumers.

19.     Plaintiff seeks restitution, disgorgement of all unlawfully-withheld gains, and a public injunction.

**SECOND CAUSE OF ACTION**
**Violation of California Sellers of Travel Law**
**(Cal. Bus. & Prof. Code §§ 17550, *et seq.*)**
**(Against All Defendants on Behalf of the California Class)**

20.     Under California Business & Professions Code § 17550.14, a seller of travel must refund all moneys paid for travel services not actually provided by the earlier of thirty days of the scheduled departure or cancellation or three days from the day the seller of travel is first unable to provide the travel services.

21.     Defendants failed to provide the travel services bought by Plaintiff and members of the California Class and failed to remit the refunds within the statutory period.

22.     As sellers of travel in their own right and as the alter ego and/or successor-in-interest to the selling entity, Defendants Thede and All Roads Travel are personally and jointly liable for these statutory violations.

**THIRD CAUSE OF ACTION**
**Breach of Contract**
**(Against All Defendants on Behalf of the California and Nationwide Classes)**

23.     Plaintiff and Class Members entered into valid, binding contracts with Defendants, evidenced by email confirmations and digital receipts.

24.     Plaintiff and Class Members performed by paying for the travel services in full.

25.     Defendants breached these contracts by failing to provide the agreed-upon travel services and by failing to refund Plaintiff's and Class Members' payments following cancellation and nonperformance, despite their full performance and compliance with all contractual obligations.

///

///

FIRST AMENDED COMPLAINT
7

26. **Successor Liability:** Defendant All Roads Travel is liable for this breach as the mere continuation of JusTours. All Roads Travel fraudulently acquired the assets of JusTours to avoid creditors and stands in the shoes of the original contracting party.

27. Plaintiff and the Class have suffered damages in the amount of the payments made to Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. Certifying the California and Nationwide Classes and appointing Plaintiff as Class Representative and her counsel as Class Counsel;
2. Declaring that All Roads Travel LLC is the successor-in-interest to JusTours, Inc.;
3. Declaring that Robert Thede is the alter ego of JusTours, Inc.;
4. Awarding restitution, disgorgement, refunds, and equitable relief under the UCL and the Seller of Travel statutes in the amount of $20,000,000.00;
5. Awarding compensatory damages for breach of contract in the amount of $25,000,000.00;
6. Issuing a Public Injunction enjoining Defendants from committing future violations of California's Sellers of Travel Law;
7. Awarding attorneys' fees and costs pursuant to Cal. Code Civ. Proc. § 1021.5 and other applicable laws; and
8. Granting such other relief as the Court deems just.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: December 18, 2025          Respectfully submitted,

/s/ Steven Elster
Steven Elster
Law Office of Steven Elster
785/E2 Oak Grove Road, #201
Concord, CA 94518
(925) 324-2159

FIRST AMENDED COMPLAINT
8

/s/ Kevin Ruf
Kevin F. Ruf
Glancy Prongay & Murray LLP
1925 Century Park East
Suite 2100
Los Angeles, CA 90067
(310) 201-9150
*Attorneys for Plaintiff Lindsey Cannon*